## Baldwin v. The Prudential Insurance Company of America

*Paul Shalita,* for plaintiff.
*Peter C. Paul,* for defendant.

O'NEILL, J., January 13, 1969.—This is an appeal from a judgment entered in favor of defendant following a jury verdict.

This action in assumpsit is based upon a conditional receipt issued by an agent of defendant upon an application for life insurance made by one Henry Baldwin. On April 26, 1965, Henry Baldwin made application for an insurance policy in the sum of $4,000. Baldwin paid one month's premium and received a receipt which stated, inter alia, that if the company determines to its satisfaction that the proposed insured was insurable on the latter of the dates of parts 1 and 2 of the application, the policy shall take effect on the date that the last part of the application was completed.

Henry Baldwin filled out part 1 of the application, and on May 10, 1965, he was examined by a Dr. Weber for the insurance company, and he supplied the answers to part 2 of the application. On the same day, Henry Baldwin consulted his own physician, Dr. Warrick, because of distress caused by chest pains. Dr. Warrick arranged for an electrocardiogram on May 11th and on May 13th Mr. Baldwin was admitted

to the Einstein Medical Center where he died on May 21, 1965.

Plaintiff contends that upon receipt of the premium by the company, insurance became effective subject to later cancellation if the insurance company determined that the applicant was uninsurable. On the other hand, defendant contends that the provisions of the receipt are unambiguous and provide that there shall be no insurance unless it is determined that the applicant was insurable at the time that the application was completed.

Defendant also contends that there was not a valid contract of insurance because of material misrepresentations made by the insured in his application.

The case was tried before the late Judge Michael J. O'Donnell. Judge O'Donnell submitted three special questions to the jury, to wit:

1. Did Henry Baldwin make any material false statement knowing it to be false, or otherwise act in bad faith in making it when he answered the questions and signed the declaration in part 2 of the application on May 10, 1965?

2. Was Henry Baldwin's visit to Dr. Warrick on May 10, 1965, before or after the examination of Dr. Weber?

3. Did the insurance underwriter determine in good faith that Henry Baldwin was not insurable on May 10, 1965?

The jury answered the first question "yes", the second question "after" and the third question "yes." Based on the answers, the trial judge molded a verdict for defendant.

Plaintiff filed a motion for a new trial. Before this motion could be heard, Judge O'Donnell died, and argument on the motion was heard by a court en banc consisting of Judge Gregory G. Lagakos and

the writer. We are of the opinion that the record fully supports the verdict.

Plaintiff cites the case of McAvoy Vitrified Brick Company v. North American Life Assurance Company, 395 Pa. 75, in support of his position. In the Mc-Avoy case there was an express provision for interim insurance providing coverage between the time the application was signed and the time that the company acted on the application. In the instant case it is undisputed that there was no express provision for interim insurance.

Plaintiff also relies on Steelnack v. Knights Life Insurance Company, 423 Pa. 205. This case is also readily distinguishable. In Steelnack, the insured, upon payment of the premium, received a binder providing that insurance become effective as of that date. The company requested a medical examination but the insured died before the examination could be arranged. Since the binder did not provide that the insurance was to be delayed until the examination was conducted, it was held that under the binder there was coverage at the time of the insured's death.

But in the instant case, the intention to delay insurance until the company determined that the proposed insured was insurable, is clearly expressed. The conditional receipt stated "if the company . . . determines to its satisfaction that the proposed insured was insurable . . . the policy shall take effect as of the latter of the dates of the required and completed parts 1 and 2 of the application." Determination by the company of insurability is made a condition precedent to the existence of effective insurance. The jury found that the insurance underwriter determined in good faith that Henry Baldwin was not insurable.

Even if it is determined that the conditional receipt established interim insurance, the finding of the jury that Henry Baldwin made material false statements in the application, knowing them to be false, bars recovery by plaintiff, if the finding is supported by the evidence. The testimony of plaintiff's physician, Dr. Warrick, establishes that Mr. Baldwin had suffered from chest pains and shortness of breath for at least a month prior to May 10, 1965, but he answered "no" to a question as to whether he had had chest pains. The statements made by him at the time of his admission to the hospital clearly show that he had knowledge of ailments which he denied when he was examined by the doctor on behalf of the insurance company.

The verdict of the jury can be sustained on either of the two defenses relied on by defendant. Plaintiff's motion for a new trial is dismissed and judgment is entered on the verdict.